UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STACIE TUPPER,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 2:16-CV-00379-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff Stacie Tupper, parent filing on behalf of minor B.T. and proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant's denial of B.T.'s application for supplemental security income ("SSI") based on childhood disability. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

  After reviewing the record, the Court concludes the Administrative Law Judge's ("ALJ") decision finding B.T. developed no additional impairments after the "comparison point decision" ("CPD")[1] was not supported by substantial evidence. Had the ALJ properly considered all B.T.'s

---

[1] The CPD is the most recent favorable medical decision indicating an individual was or continues to be disabled. *See* 20 C.F.R. § 404.1594.

diagnosed impairments, the ALJ may have found B.T. is currently disabled. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

B.T. was found to be disabled as of April 1, 2005 due to asthma. *See* Dkt. 10, Administrative Record ("AR") 60, 356. On February 1, 2013, following a continuing disability review, it was determined B.T. was no longer disabled as of December 22, 2012, the CPD. AR 60. This determination was upheld on reconsideration. *See* AR 60. A hearing was held before ALJ Timothy Mangrum on March 19, 2015. *See* AR 7-53. In a decision dated August 28, 2015, the ALJ determined B.T.'s disability ended as of December 22, 2012 due to medical improvement. AR 60-73. The ALJ also found B.T. had not become disabled again since the CPD. AR 72-73. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff alleges the ALJ erred by failing to: (1) consider all B.T.'s impairments; and (2) properly consider an acceptable medical source's opinion. Dkt. 15.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ erred by failing to properly consider all B.T.'s impairments.**

Plaintiff asserts the ALJ erred by failing to properly consider B.T.'s additional impairments. Dkt. 15, p. 1. Plaintiff asserts the ALJ did not properly consider B.T.'s diagnoses of depressive disorder, post traumatic stress disorder ("PTSD"), and retinal eye detachment with uvietis. *Id*.

If a claimant is "eligible for disability benefits as a disabled child," his or her "continued eligibility for such benefits must be reviewed periodically." 20 C.F.R. § 416.994a(a). In conducting the review, the Commissioner first considers whether "medical improvement" has occurred in the claimant's impairments. 20 C.F.R. § 416.994a(a)(1). If medical improvement has occurred, the Commissioner considers whether the impairment(s) the claimant had at the time of the CPD "now meets or medically or functionally equals the severity of the listing it met or equaled at that time." *Id.* If the impairment(s) present at the time of the CPD does not now meet or equal a Listing, the Commissioner will determine if the claimant's current impairment(s) is disabling – i.e., a severe impairment or combination of impairments that meet, medically equal, or functionally equal a Listing. *See* 20 C.F.R. § 416.924; 20 C.F.R. § 416.994a(a)(1), (b).

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Here, the ALJ found B.T. had asthma and anxiety at the time of the CPD. AR 63. The ALJ determined B.T. experienced medical improvement and no longer met the Listing for

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

asthma. AR 64. He also found B.T.'s asthma and anxiety have not functionally equaled a Listing since the CPD. AR 64-72. The ALJ then found B.T. "did not have an impairment at the CPD that was not considered at that time" and "has not developed any additional impairment subsequent to the CPD." AR 72.

The evidence shows B.T. was diagnosed with anxiety disorder, depressive disorder, bipolar disorder, and PTSD in September of 2014, after the CPD. AR 620, 630. On January 6, 2016, B.T.'s therapist, Kimberlee Hartley, wrote a letter stating B.T.'s psychological conditions are causing limitations in her academic and social success. AR 645-46. Ms. Hartley stated B.T. "has suffered a dramatic increase in symptomology related to her anxiety that have hindered her school performance and level of independent activity." AR 645.[2] The record also contains evidence showing B.T. was diagnosed with retinal detachment near the end of 2015. *See* 320, 645.[3]

The ALJ did not discuss B.T.'s diagnoses of depressive disorder, bipolar disorder, PTSD, or retinal detachment when determining if B.T. had additional impairments after the CPD. *See* AR 72. While the ALJ considered B.T.'s anxiety, the ALJ's discussion of B.T.'s anxiety is not sufficient to show he properly considered B.T.'s depressive disorder, bipolar disorder, and PTSD. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (finding that because "the ALJ excluded panic disorder from [the claimant's] list of impairments and instead characterized her diagnoses as anxiety alone, the residual functional capacity determination was incomplete,

---

[2] The Court notes the letter from Ms. Hartley was submitted after the ALJ issued his decision. *See* AR 645-46. However, the Ninth Circuit has held "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). The Appeals Council considered the letter submitted by Ms. Hartley (AR 2, 4); thus, the Court must consider this evidence in determining if the ALJ's opinion is supported by substantial evidence.

[3] Evidence showing B.T.'s retinal detachment diagnosis was presented only to the Appeals Council and was not considered by the ALJ.

flawed, and not supported by substantial evidence in the record"). As the record shows B.T. had newly diagnosed impairments after the CPD, the ALJ's finding that B.T. "has not developed any additional impairments subsequent to the CPD" is not supported by substantial evidence. Accordingly, the ALJ erred. *See Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996) (the ALJ erred when, without explanation, he ignored medical evidence showing the claimant had impairments without explanation).

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered B.T.'s additional diagnoses, the ALJ may have found B.T. is currently disabled. Therefore, the error is not harmless and requires remand.

**II.      Whether the ALJ failed to address an acceptable medical source's opinion.**

Plaintiff alleges the ALJ failed to address an acceptable medical source's opinion. Dkt. 15. Plaintiff, however, fails to identify the medical source the ALJ failed to consider. As Plaintiff has not identified the medical source, the Court finds Plaintiff failed to allege harmful error regarding the ALJ's consideration of the medical opinion evidence.

### III. Whether the ALJ erred in finding B.T. did not meet the childhood asthma Listing.

Defendant concedes the ALJ erred by applying the adult Listing for asthma when determining if B.T.'s asthma met or medically equaled a Listing. Dkt. 22, pp. 11-13. Defendant contends the error is inconsequential to the disability determination. *Id*. As the Court finds remand is necessary in this case, *see supra* Section I, the ALJ is instructed re-evaluate B.T.'s asthma under the childhood asthma Listing, Listing 103.3.

### IV. Whether the Court should consider the additional medical records submitted by Plaintiff.

Plaintiff filed a large number of medical records not included in the Certified Administrative Record, including two medical opinions dated September 2016, which she requests this Court consider. *See* Dkt. 13, 15, 21. The Court concluded remand is necessary in this case regardless of Plaintiff's supplemental exhibits; therefore, the Court did not consider the supplemental exhibits. However, the Court finds the record should be re-opened on remand and the additional exhibits should be considered in determining if B.T.'s impairment(s) meet a Listing since the CPD.

### V. Whether the Court should remand for an award of benefits.

Plaintiff argues in a conclusory fashion this case should be remanded for an award of benefits. *See* Dkt. 15. After reviewing the record, the Court concludes it would be inappropriate to remand for an award of benefits because it is unclear if the ALJ would be required to find B.T. disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan*, 528 F.3d at 1202).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded B.T. was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 2nd day of November, 2016.

*David W. Christel*
United States Magistrate Judge